IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HAROLD L. JONES, | Case No. 3:21-cv-01342-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| OREGON HEALTH & SCIENCES UNIVERSITY, | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Before the Court is Harold Jones's ("Jones") application to proceed *in forma pauperis*. The Court's review of Jones's application to proceed *in forma pauperis* reveals that Jones is unable to afford the filing fee. The Court therefore grants Jones's application to *proceed in forma pauperis*. For the reasons explained below, however, the Court recommends that the district judge enter judgment dismissing this action, without prejudice, for lack of subject matter jurisdiction, and with leave to refile in state court.

**LEGAL STANDARDS**

It is well settled that a district court must perform a preliminary screening of an *in forma pauperis* complaint and dismiss any claims that fail to state a claim upon which relief may be granted, are frivolous or malicious, or seek monetary relief against a defendant who is immune

PAGE 1 – FINDINGS AND RECOMMENDATION

from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (explaining that § 1915(e)(2)(B) applies to non-prisoners); *Preciado v. Salas*, No. 13-cv-0390, 2014 WL 127710, at *1 (E.D. Cal. Jan. 14, 2014) (stating that courts are "required to screen complaints brought by plaintiffs proceeding *pro se* and *in forma pauperis*") (citation omitted). Additionally, a district court has "an obligation to consider *sua sponte* whether [it has] subject matter jurisdiction[.]" *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 F. App'x 62, 63 (9th Cir. 2011) (citing *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004)).

## DISCUSSION

The Court concludes that the district judge should enter judgment dismissing Jones's complaint, without prejudice, for lack of subject matter jurisdiction, and with leave to refile in state court.

"The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, [and] § 1332 [provides] for diversity of citizenship jurisdiction." *Id.* (simplified). According to the Supreme Court, "[a] plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States," and a plaintiff properly "invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* (quoting *Bell v. Hood*, 327 U.S. 678, 681-85 (1946), and citing 28 U.S.C. § 1332)).

Jones filed this action against Oregon Health & Sciences University ("OHSU"). Jones's complaint and civil cover sheet do not identify a basis for exercising federal subject matter jurisdiction or the amount in controversy. (*See* Compl. at 1-6; Civil Cover Sheet at 1.) The

PAGE 2 – FINDINGS AND RECOMMENDATION

complaint and civil cover sheet, however, do reflect that Jones and OHSU are Oregon residents, and that Jones is alleging a cause of action for medical malpractice because he lost the feeling in his "left hand [due] to [a] surgery," presumably at OHSU. (*See* Compl. at 1-6; Civil Cover Sheet at 1.)

Jones's complaint and civil cover sheet demonstrate that he cannot invoke diversity jurisdiction under § 1332, because both Jones and OHSU are Oregon residents. *See Butler v. Or. Health & Scis. Univ.*, No. 3:17-cv-00135-HZ, 2017 WL 7048509, at *2 (D. Or. Feb. 6, 2017) ("Plaintiff cannot invoke diversity jurisdiction. . . . Plaintiff is an Oregon resident and both named Defendants in this case, OHSU and Dr. Schabel, are Oregon residents."). In addition, Jones has not invoked federal question jurisdiction by pleading a colorable claim "arising under" the Constitution or laws of the United States. Rather, he has alleged a medical malpractice claim, which typically arises under state law and is resolved in state court. *See Rosas v. Chipotle Mexican Grill, Inc.*, No. 12-cv-02189, 2013 WL 12170553, at *2 (C.D. Cal. Sept. 9, 2013) (dismissing "for lack of subject matter jurisdiction, without prejudice to . . . renewing [the] claims in state court").

Accordingly, this Court lacks federal subject matter jurisdiction over this case, and must dismiss Jones's complaint without prejudice and with leave to refile in state court. *See id.* ("Because Plaintiff has [also] failed to identify this Court's basis for federal jurisdiction, the Court lacks subject matter jurisdiction over this case and must dismiss the Complaint."); *see also Kelley v. JPMorgan Chase Bank, N.A.*, 713 F. App'x 632, 633 (9th Cir. 2018) (stating that "a dismissal for lack of subject matter jurisdiction should be without prejudice" and therefore remanding with instructions to amend the judgment to reflect that the dismissal was without prejudice); *Townsend v. Whole Foods Market*, 324 F. App'x 673, 673-74 (9th Cir. 2009) (same).

## CONCLUSION

For the reasons stated, the Court GRANTS Jones's application to proceed *in forma pauperis* (ECF No. 1), but recommends that the district judge enter judgment dismissing this action, without prejudice, for lack of subject matter jurisdiction, and with leave to refile in state court.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 19th day of October, 2021.

*[signature: Stacie F. Beckerman]*

HON. STACIE F. BECKERMAN
United States Magistrate Judge